No. 2633.

## GEORGE NEELEY v. THE STATE.

THEFT—EVIDENCE—CHARGE OF THE COURT.—On a trial for horse theft
the court admitted hearsay evidence of the contemporaneous theft of
a saddle, which evidence, on motion of the defense, was stricken out.
Thereafter evidence for the State was admitted identifying as the
property of one P. a certain saddle found in the possession of the de-
fendant when he was found in possession of the horse, and the court's
charge limited the application of such evidence to the identification of
the transaction and the intent of the defendant, etc. *Held*, that, in
the absence of proof that the saddle was stolen, the evidence was er-
roneously admitted, and the charge was erroneous because not based
upon legal proof.

APPEAL from the District Court of Wilson. Tried below
before the Hon. George McCormick.

The conviction in this case was for the theft of a horse, and
the penalty assessed against the appellant was a term of five
years in the penitentiary.

R. S. Carnes testified that his certain horse, branded H4 con-
nected, was stolen from his stable in the town of Stockdale, on
the night of May 24, 1888, and he had never seen that animal
since. He was accompanied in his search for that horse by
Mr. Charles Palm, who claimed to have had a saddle stolen
from him on the same night. Witness knew nothing about the
theft of the saddle except what Palm told him. At this point
the court, upon the defendant's motion, struck out the testi-
mony of this witness as to what Palm told him about the theft
of the saddle. The witness afterward saw a saddle in the pos-
session of J. M. Sauer, which saddle he verily believed was the
saddle of Charles Palm.

J. M. Sauer testified, for the State, that he was a deputy
sheriff of Kimble county. On the thirty-first day of May, 1888,
the witness made an affidavit before a justice of the peace of
Kimble county, against the defendant, but not for the offense
now on trial. On the day last mentioned the witness and Cap-
tain Jones, of the State ranger force, arrested defendant about
two miles from Boerne, in said Kimble county. They con-
fronted him suddenly on the road and ordered him to halt,

instead of doing which he extended his person on his horse and fled. Witness and Jones then fired with intent to kill the horse, and thus secure defendant. They killed the horse and wounded defendant. The horse corresponded in description with the horse of the prosecuting witness Carnes. Witness had the saddle which he took from the said horse in court.

Captain Jones testified, for the State, circumstantially as did Sauer, except to the procurement of the warrant.

B. B. Mayes testified, for the State, that he had examined the saddle brought into court by the witness Sauer, and, while he did not wish to go on record as swearing positively to its identity, he was confident that it was the saddle of Charles Palm.

*Burges & Dibbrell* and *J. H. Burts*, for the appellant.

*W. L. Davidson*, Assistant Attorney General, for the State.

WILLSON, JUDGE. This conviction is for the theft of a horse. On the trial, hearsay evidence as to the theft of a saddle at or about the same time and place that the theft of the horse occurred was admitted, but upon motion of defendant was excluded. Thereafter evidence offered by the State was admitted identifying a saddle found in possession of the defendant at the same time he was found in possession of the alleged stolen horse, as a saddle belonging to one Palm. Defendant moved to exclude all testimony relating to said saddle, which motion the court overruled, and instructed the jury with respect to said testimony that it should not be considered unless it tended to show the identity of the transaction of the theft of the horse, or to explain the intent of the defendant, etc. This instruction was excepted to by the defendant.

We are of the opinion that the court erred in not excluding all the evidence relating to the saddle. There was no legal evidence before the jury that the saddle had been stolen, and the testimony in regard to it, and which the court refused to exclude, was irrelevant, and was calculated to prejudice the rights of the defendant, especially when the attention of the jury was directed to it by the charge of the court. There being no legal evidence relating to the theft of a saddle, or of other property than the horse, the instruction as to other stolen property was not warranted and was therefore error.

It is unnecssary to notice other questions made in the record. For the errors mentioned the judgment is reversed and the cause is remanded.

*Reversed and remanded.*